# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1068V
**Filed: June 24, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| JUDITH HASENSTEIN, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Influenza ("Flu") Vaccine; |
| | * | Guillain-Barré syndrome ("GBS"); |
| SECRETARY OF HEALTH | * | Chronic Inflammatory |
| AND HUMAN SERVICES, | * | Demyelinating Polyneuropathy |
| | * | ("CIDP"); Attorneys' Fees and |
| Respondent. | * | Costs. |
| * * * * * * * * * * * * * * | | |

<u>Jerome Hierseman</u>, End, Hierseman & Crain, LLC, for Petitioner.
<u>Heather Pearlman</u>, United States Department of Justice, Washington, D.C., for Respondent.

## **DECISION**[1]

On September 25, 2015, Judith Hasenstein ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that an influenza ("flu") vaccine administered on September 24, 2012 caused her to suffer from Guillain-Barré syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP").

On June 23, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation for Petitioner's injuries and for attorneys' fees and costs.  Respondent denies that Petitioner suffered GBS, CIDP, or any other injury that was caused-in-

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

fact by her September 24, 2012 influenza vaccination; denies that her current disabilities are sequelae of these injuries; and denies that she experienced the residual effects of her injuries for more than six months. However, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

The parties stipulate that Petitioner and her attorney shall receive the following compensation:

   a. **A lump sum of $150,284.00 in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

   b. **A lump sum of $11,985.31 in the form of a check payable jointly to Petitioner and Petitioner's law firm, End, Hierseman & Crain, LLC, for all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In accordance with General Order #9, Petitioner represents that all litigation costs were paid by Petitioner's attorney and that Petitioner did not personally incur any costs in proceeding on the petition.**

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioner's, and her attorney's, compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman<br>
Lisa Hamilton-Fieldman<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JUDITH HASENSTEIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 15-1068V <br> Special Master Hamilton-Fieldman <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Judith Hasenstein ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received her influenza vaccination on September 24, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of her influenza vaccination. She further alleges that she experienced symptoms of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged injuries.

1

6. Respondent denies that petitioner suffered GBS, CIDP, or any other injury that was caused-in-fact by her September 24, 2012 influenza vaccination; denies that her current disabilities are sequelae of these injuries; and denies that she experienced the residual effects of her injuries for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. a lump sum payment of $150,284.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

   b. a lump sum of $11,985.31 in the form of a check payable jointly to petitioner and petitioner's law firm, End, Hierseman & Crain, LLC, for all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In accordance with General Order #9, petitioner represents that all litigation costs were paid by petitioner's attorney and that petitioner did not personally incur any costs in proceeding on the petition.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in

2

accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccine administered on September 24, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about September 25, 2015, in the United States Court of Federal Claims as petition No. 15-1068V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

3

settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's alleged injuries or that her current disabilities are sequelae of her alleged injuries.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*/s/ Judith Hasenstein*
JUDITH HASENSTEIN

ATTORNEY OF RECORD FOR
PETITIONER:

*/s/ Jerome A. Hierseman*
JEROME A. HIERSEMAN
Attorney for Petitioner
END, HIERSEMAN & CRAIN, LLC
600 N. Broadway, Suite 300
Milwaukee, WI 53202
(414) 224-1220

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
~~VINCENT J. MATANOSKI~~ CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*/s/ Narayan Nair*
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 2085

ATTORNEY OF RECORD FOR
RESPONDENT:

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-2699

Dated: 06/23/16

5